FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 29, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RICHARD F.,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

No. 1:25-CV-03163-JAG

**ORDER AFFIRMING THE DECISION OF THE ALJ**

**BEFORE THE COURT** is Plaintiff's Opening Brief, the Commissioner's Brief in response, and Plaintiff's Reply. ECF Nos. 14, 18, 20. Attorney Chad Hatfield represents Richard F. (Plaintiff); Special Assistant United States Attorney Sarah Moum represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 4. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion and **AFFIRMS** the ALJ's decision.

## I. JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on March 30, 2022, alleging disability since July 1, 2017. Plaintiff's claims were denied initially and on reconsideration, and he requested a hearing before an Administrative Law Judge (ALJ). ALJ John Wood held a hearing on November 21, 2023, at which vocational expert Teresa McClain, and Plaintiff, who was represented by counsel, testified. Tr. 45-88. ALJ Wood

held a supplemental hearing on June 5, 2024, at which medical expert Mark Stevens, M.D. and vocational expert Sheila Capizzi testified. Tr. 89-118. The ALJ denied benefits relating to Plaintiff's Title II claim on June 17, 2024, but with respect to Plaintiff's Title XVI claim, found Plaintiff disabled since March 30, 2022. Tr. 20-36. The Appeals Council denied review. Tr. 1-5. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 22, 2025. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here. Plaintiff was born in January 1963 and was 54 on the alleged onset date. Tr. 290. Plaintiff's date last insured was December 31, 2017. Tr. 21. Plaintiff's past jobs include warehouse worker, maintenance person, packer (agricultural products), sorter (produce), and shipping supervisor. Tr. 33.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On June 17, 2024, the ALJ issued a decision finding Plaintiff was not disabled prior to March 30, 2022 but became disabled on that date as defined in the Social Security Act.

At ***step one***, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 1, 2017. Tr. 23.

At ***step two***, the ALJ found since the alleged onset date of disability, July 1, 2017, Plaintiff had the severe impairments of biceps tear and rotator cuff tear of dominant upper extremity; and beginning on the established onset date of disability, March 30, 2022, the claimant has had the following severe impairments: arthritic shoulder of non-dominant upper extremity and peripheral neuropathy. Tr. 23.

At ***step three***, the ALJ determined that since July 1, 2017, Plaintiff has not had an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 23.

The ALJ also found as of the date last insured, December 31, 2017, Plaintiff had the residual functional capacity (“RFC”) to perform light work, with the following limitations:

> [Plaintiff] could perform no overhead reaching with the dominant upper extremity, and frequent pushing/pulling with the dominant upper extremity.

Tr 24.

The ALJ also found since March 30, 2022, the perfected filing date for his remaining Title XVI claim, Plaintiff had the residual functional capacity to perform light work, with the following limitation:

> [Plaintiff] can never climb ladders, ropes or scaffolds and can perform other postural functions occasionally. He can perform no overhead reaching bilaterally, and needs to avoid environmental hazards.

Tr. 31.

At ***step four***, the ALJ found that since July 1, 2017, Plaintiff could not perform any past relevant work. Tr. 33.

At ***step five***, the ALJ found, as of the date last insured of December 31, 2017, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of marker, routing clerk, and assembler. Tr. 34.

The ALJ also found beginning on March 30, 2022, the perfected filing date of the Title XVI claim, considering the claimant's age, education, work experience, and RFC, Plaintiff was not capable of performing jobs that existed in significant numbers in the national economy. Tr. 35.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through March 30, 2022, but became disabled on that date by operation of law and continued to be disabled through the date of the decision and Plaintiff was not under disability within the meaning of the Social Security Act at any time through December 31, 2017, the date last insured. Tr. 35.

## VI. ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by: (1) failing to apply the borderline age situation, failing to consider the nonmechanical application of Medical-Vocational

Rule 202.06, and failing to meet his burden at step five; and (2) rejecting Plaintiff's subjective complaints.

## VII. DISCUSSION

### A. <u>Step Five.</u>

Plaintiff contends the ALJ erred at Step Five because the ALJ: 1) failed to consider the borderline age situation; 2) failed to find the claimant disabled pursuant to the nonmechanical application of Medical Vocational Rule 202.06; and, 3) and failed to meet his burden at Step Five.

Plaintiff argues that because his date last insured was December 31, 2017, less than one week before his 55th birthday, the ALJ erred by "failing to consider the borderline age scenario and non-mechanical application of the age categories, which would have resulted in a determination of disabled pursuant to Medical-Vocational Rule 202.06." ECF No. 14 at 8. Importantly, Plaintiff's argument is that the ALJ "fail[ed] to consider the borderline age scenario," not that the ALJ incorrectly considered the borderline age scenario.

As raised in Defendant's brief, the ALJ expressly considered Plaintiff's borderline age, dedicating nearly half of a page of his decision to this scenario. ECF No 18 at 3 (referencing Tr. 30-31). In this discussion, the ALJ notes Plaintiff's representative did raise at the supplemental hearing that the nonmechanical borderline age application should be made, but "other than to note that the claimant was nearing age 55 at the time of the date last insured, the representative did not make any argument as to *why* it should be applied." Tr. 30. The ALJ goes on to note that in order to apply the regulation, there have to be other factors present that impact claimant's ability to work that justify its application. *Id*.

Importantly, the ALJ is only required to *consider* using the older category; the ALJ is not required to use the older category. The applicable regulation states, in relevant part:

> We will use each of the age categories that applies to you during the period for which we must determine if you are disabled. We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and suing the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors in your case.

20 C.F.R. §404.1563(b)

Plaintiff cites guidance in the Program Operations Manual System (POMS) and the Hearings, Appeals and Litigation Law Manual (HALLEX) instructing ALJ's to explain their decision in borderline age situations. *See* ECF No. 14 at 9-12. Plaintiff dedicates a significant portion of his opening brief to the argument that the ALJ was required to explain his decision not to use the next higher age category and failed to do so. As noted by Defendant, this is simply not accurate. The ALJ committed nearly half of a page of his decision to this consideration and included an explanation as to why he chose not to apply the next higher age category.

In his reply brief, Plaintiff pivots his argument to assert that the ALJ put this discussion in the wrong part of his decision: "Defendant neglects to identify that the ALJ's discussion of the borderline age situation was not contained within his step five findings but instead was placed in the section discussing the claimant's residual functional capacity after the ALJ's evaluation of the medical opinion evidence. (*See* Tr. 30-31, 34-35)." ECF No. 20 at 6.

The Court finds Plaintiff's arguments unpersuasive for two reasons: 1) the location of the discussion is a distinction without a difference and has no actual

bearing on the issue; and, 2) the ALJ is only required to consider the borderline age situation and is not required to address the concept repeatedly. While Plaintiff references both POMS and HALLEX, both the Ninth Circuit and the U.S. Supreme Court have found that POMS and HALLEX are agency interpretations that are "entitled to respect" but "only to the extent those interpretations have the 'power to persuade'" *Lockwood v. Comm'r Soc. Sec. Admin*., 616 F.3d 1068, 1073 (9th Cir. 2010), citing *Christensen v. Harris Cnty.,* 529 U.S. 576, 587 (2000) (quoting *Skidmore v. Swift & Co.,* 323 U.S. 134, 140 (1944)); *see also Clark v. Astrue,* 529 F.3d 1211,1216 (9th Cir. 2008). In *Lockwood*, the court found such agency interpretations "[do] not impose judicially enforceable duties on either this court or the ALJ." *Lockwood*, 616 F.3d at 1073; *see also Lowry v. Barnhart,* 329 F.3d 1019, 1023 (9th Cir.2003). The *Lockwood* court ultimately found "an ALJ does not commit reversible error as long as she considers whether to use the older age category" and "HALLEX does not require an ALJ to address borderline situations in every decision." *Id*. at 1072, citing *Bowie v. Comm'r Soc. Sec. Admin*., 539 F.3d 395, 399 (6th Cir. 2008). Given that the ALJ is only required to *consider* the borderline age situation, and not required to explain his decision regarding it, the Court will not discount the ALJ's explanation due to its location within the ALJ's decision. Plaintiff does not raise any other issue with the ALJ's consideration nor assert any error in the ALJ's assessment of the borderline age situation. Accordingly, the ALJ did not err in his consideration of the borderline age situation nor in his decision not to apply the next higher age category in this case.

Plaintiff next argues the ALJ also erred by failing to meet his burden at step five. Plaintiff asserts the ALJ relied on testimony from the vocational expert that lacked evidentiary value because it was based on an incomplete hypothetical that failed to account for limitations the ALJ did not include in the RFC. Plaintiff contends that when presented with a "more complete" hypothetical of the

Plaintiff's limitations, the vocational expert testified that would compel disability. ECF No. 14 at 13. Plaintiff devotes a mere three sentences to this argument and fails to provide any details in support of his assertion. Plaintiff asserts the ALJ should have included further limitations in the RFC, specifically limiting Plaintiff to occasional reaching in all directions. *Id*. In support of this contention, the Plaintiff merely states the hypothetical presented did not include "improperly rejected limitations from the claimant's testimony, which are well supported by the record evidence prior to the date last insured." *Id*.

Plaintiff fails to provide any meaningful argument in support of this assertion. He fails to provide any argument as to why additional limitations should have been included in the RFC beyond a general statement that they are "well supported by the record evidence." Plaintiff does not reference any specific evidence that supports the additional limitation. Plaintiff has failed to brief the issue with any specificity. The Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, the Court declines to consider this issue.

**B. <u>Subjective Symptom Allegations.</u>**

Plaintiff contends the ALJ erred by rejecting Plaintiff's subjective complaints. Plaintiff argues the ALJ did not provide clear and convincing reasons to discount his allegations and "did little more than engage in a general recitation of the medical evidence, apparently discounting the claimant's symptom complaints on such basis." ECF No 14 at 16. Plaintiff argues the ALJ failed to specify any inconsistencies between his testimony and the medical records. *Id*. Plaintiff further argues the ALJ understated physical examination and imaging

findings and concludes "the evidence of record is entirely supportive of the claimant's disabling allegations as of the date last insured." *Id*. at 16-17. Plaintiff also argues his brief return to work should not be used to discredit his testimony because his impairments prevented him from continuing to work. *Id*. at 17. Finally, Plaintiff claims the ALJ failed to account for the steps Plaintiff took to alleviate his symptoms, arguing the restrictions arising from his coping mechanisms are disabling based on the testimony of the vocational expert. *Id*. at 18.

Defendant contends the ALJ properly considered Plaintiff's complaints, ultimately concluding the objective evidence did not support his symptom complaints. ECF No. 18 at 5-6. Defendant notes an ALJ cannot discount a claimant's symptom complaints only because of a lack of objective support, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Id*. at 6, citing *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original). Defendant argues in this case Plaintiff's allegations were not confirmed by clinical evidence and cited the medical records, specifically noting in September 2017 Plaintiff's grip strength was normal and equal with "some restriction" in range of motion resulting from pain, with similar findings in November and December 2017. ECF No. 18 at 6, citing Tr. 756, 754, 753. Defendant notes Plaintiff's December 2017 orthopedics examination indicated normal upper extremity strength and "mild weakness about the rotator cuff," diffuse tenderness, and decreased range of motion. *Id*. citing Tr. 26, 697-98. Defendant goes on to reference medical records noted in January 2018 Plaintiff's right shoulder had full range of motion, rotator cuff strength was good, anterior biceps muscle showed no obvious defect, and the orthopedist noted Plaintiff had "what appears to be full pain-free motion of his shoulder." *Id.* at 7, citing Tr. 695.

Defendant contends the ALJ found Plaintiff's symptom allegations unreliable due to only routine and conservative treatment, which is appropriate as an ALJ may discount subjective complaints that are disproportionate to the level of care. *Id*. Defendant also notes Plaintiff's work history did not support his subjective complaints. *Id.* at 8. Ultimately, Defendant concludes "the ALJ provided numerous valid reasons supported by substantial evidence to discount Plaintiff's subjective symptom allegations." *Id*. at 9.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Here, as argued by Defendant, the ALJ provided specific, clear, and convincing reasons to discount Plaintiff's subjective symptom complaints. The ALJ provided numerous reasons for finding Plaintiff's complaints overstated. For example, the ALJ noted Plaintiff's treatment prior to the date last insured was generally routine and conservative, Plaintiff had minimal treatment, Plaintiff did not follow up on referrals for several months, Plaintiff was not prescribed any strong narcotic pain medication, and his condition was deemed cosmetic and non-

surgical. Tr. 28. Plaintiff's argument that "the evidence of record is entirely supportive of the claimant's disabling allegations as of the date last insured" (ECF No. 14 at 16-17) is therefore factually incorrect. There are several examples in the record that are not entirely supportive of Plaintiff's allegations. Plaintiff's argument that his return to work should not be interpreted as inconsistent with his complaints is similarly unpersuasive and was addressed by the ALJ. The ALJ cited to a medical record wherein Plaintiff told his provider he stopped working because his employer wanted him to work nights. Tr. 28, citing Tr. 756. This is also inconsistent with the argument that he had to stop working due to his symptoms. Similarly, Plaintiff's contention that his coping mechanisms are disabling are not persuasive when the record indicates he left his job due to scheduling, not due to pain or coping with pain.

In his reply brief, Plaintiff argues the Commissioner ignored treatment records from September, November, and December 2017 "in an unpersuasive attempt to downplay the severe findings confirming [Plaintiff's] restricted use of his right upper extremity and need for breaks to alleviate his symptoms." ECF No. 20 at 10, citing ECF No. 18 at 5-9. The Court disagrees with Plaintiff's characterization. The contention that the Commissioner ignored treatment notes from September, November, and December 2017 is factually incorrect. Defendant specifically addressed these treatment notes. *See* ECF No. 18 at 6. Defendant argued how these specific treatment notes undercut Plaintiff's credibility, along with identifying additional treatment notes that the ALJ relied upon in his finding that the record undercut Plaintiff's subjective complaints. See *Id*. at 6-7. Plaintiff's final argument in his reply relates to why the fact that he attempted to return to work should not be used against him and argues Plaintiff's overcompensating use of his left arm when he returned to work lead to injury in his left arm as well. ECF No. 20 at 11. The argument that Plaintiff overcompensated

for his impairments with his left arm when he returned to work was not raised in the opening brief and is not supported by the record. However, even if this argument had been appropriately made and was supported by the record (and the Court makes no such finding), it would be harmless error as the ALJ provided several reasons in support of his conclusions that were supported by substantial evidence. *See Carmickle v. Comm'r Soc. Sec. Admin*, 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

Accordingly, the Court finds the ALJ did not err in discounting Plaintiff's subjective complaints. The ALJ provided numerous specific reasons for finding Plaintiff's symptoms were not disabling.

## VIII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly, **IT IS ORDERED**:

1. Defendant's Motion, ECF No. 18 is **GRANTED**.
2. Plaintiff's Motion, ECF No. 14 is **DENIED**.

//

//

//

//

//

The District Court Executive is directed to file this Order and provide a copy to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 29, 2026.

JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE